## HENDRICKSON vs. HILLMAN.

*Twelfth District Court for San Francisco Co., Nov. T.,* 1857.

### DEMURRER—REPLEVIN BOND—DEMAND—CONSTRUCTION.

In an action on a replevin bond it is not necessary to aver a demand made upon the defendant before the suit was brought. *Nickerson* v. *Chatterton*, 7 *Cal. April T.* *Hunt* v. *Robinson*, 7 *Cal. Oct. T.*

Although the averments of a complaint must be construed according to common understanding, yet this must be regarded as being the common understanding of a person acquainted with the subject, and applied to all the provisions of the law upon this subject.

Action on a replevin bond. The facts are sufficiently given in the opinion.

*Shattuck, Spencer & Reichart*, for plaintiff.

*Bennett & Stebbins*, for defendant.

NORTON, J.—This is an action brought on a replevin bond. The

Hendrickson *vs.* Hillman.

plaintiff alleges that in an action commenced and determined in the Twelfth District Court, defendants *Hillman* and *Philips* executed a replevin bond to one *Scannell*, then sheriff of the city and county of San Francisco, in consideration whereof *Scannell* released certain property belonging to *Parker & Weller*, seized by him under a writ of attachment issued in an action wherein one *Featherly* was plaintiff, and *Parker & Weller* defendants, and delivered possession of said property to the said firm, who have eloigned the same,—and that by the judgment of the said court, said property, valued at one thousand dollars, was adjudged, " to be returned to said plaintiff if to be found, and if not, the said defendant *Scannell* should recover of the said plaintiff *Featherly* the sum of one thousand dollars, together with costs of suit, taxed at the sum of eighty-one dollars." That in that action plaintiff was the real party in interest, and that since then *Scannell* has assigned the replevin bond to him. That the property has not been returned, nor the money paid. The defendant puts in a demurrer on the ground that the complaint does not set forth facts sufficient to constitute a cause of action, and contends, first, that there is no allegation of a demand on the defendant before this action was brought, and secondly, exception is taken to the form of the bond not having the conditions prescribed by the statute.

But the first ground of demurrer is met by two decisions of our Supreme Court, both upon the same point, and in each of which they decide that in this class of cases no averment of a demand is necessary.

With respect to the second exception, the difficulty seems to have arisen from some ambiguity caused by the punctuation in one of the sections of the Practice Act, in this regard, but I do not think there is anything of importance in the objection.

The next ground taken by the defendant is, that it is not alleged in intelligible language what was the judgment in the action in which the replevin bond was given, which was rendered in favor of plaintiff.

The judgment in replevin is that the plaintiff is entitled to a return of the specific property with damages for its detention, or if the return cannot be made, then for its value.

In this case, instead of following the exact language, plaintiff has put it all together in one allegation, as already mentioned. The point

made is, that in this form the allegation does not signify anything in particular, or that if it does signify anything, it is that plaintiff was entitled by the judgment to have the property returned to him, provided he could be found so as to have that ceremony performed. But I think it will do. Although, as defendant contends, the averment must be construed according to common understanding, yet this must be regarded as being the common understanding of a person acquainted with the subject, and applied to all the provisions of the law upon the subject; and according to such understanding I think that there is no fatal uncertainty in the complaint.

Demurrer overruled with leave to answer.